IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:12-cv-03193

HEATHER ROHRER,

Plaintiff,

v.

WAL-MART STORES, INC.,

Defendant.

## STIPULATED PROTECTIVE ORDER

The Parties, Plaintiff Heather Rohrer and Defendant Wal-Mart Stores, Inc., through their respective counsel, hereby stipulate and agree as follows:

During the course of the above captioned lawsuit ("Lawsuit"), the parties may be required to produce information that the producing party considers to be private, confidential, a trade secret, or commercial information, within the meaning of Federal Rule of Civil Procedure 26(c). In order to expedite the flow of discovery material and facilitate prompt resolution of disputes over confidentiality, the parties have submitted this Stipulated Protective Order. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and at the request of counsel for the parties, the Court enters the following Order:

1. Whenever any party or third party in this case (the "Producing Party") is called upon to produce or make available to any other party (the "Receiving Party") information or material, whether oral, written, or demonstrative, including any documents, interrogatory answers, admissions, things, deposition testimony or other information, the Producing Party or any party may designate that information or material as "Confidential." All items designated "Confidential" shall be conspicuously stamped or written upon each page or separate item by the Producing Party as "Confidential." Electronic information may be designated by either conspicuous stamping on the medium holding the information (e.g., the CD), or by express written notice to the Receiving Party.

2. "Confidential" information is information which a Producing Party or any party, after first being reviewed by a lawyer, reasonably and in good faith regards as private, confidential, a trade secret, or commercial information. An entire document or item may be designated as "Confidential" if any part of it contains "Confidential" information, unless the Producing Party elects to designate only portions of the document or material. "Confidential" information shall not be used or disclosed for any purpose except the preparation and trial of this case, and "Confidential" information shall not be disclosed to anyone except as expressly set forth herein.

3. Except as agreed by the producing person or as otherwise provided herein, information designated as CONFIDENTIAL shall (1) only be used in the subject litigation; trial; and/or any appeal of this Action and (2) be maintained in confidence by the party or parties to whom it is produced and not disclosed by such party or parties except to persons entitled to access thereto pursuant to Paragraph 5 below.

4. Except as provided in Paragraphs 10 and 12 of this Agreement, CONFIDENTIAL information may not be used by any person receiving such material for any business or competitive purpose and shall be used solely for purposes of the present litigation and for no other purpose without prior written approval from the Court or the prior written consent of the producing party or non-party.

5. "Confidential" documents, materials, and/or information shall not, without consent of the Producing Party or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   a. Attorneys actively working on this case;
   b. Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation of trial, at trial, or at other proceedings in this case;
   c. Representatives of the party who have a need to know the content of the document; each such party representative shall execute the written acknowledgement called for in paragraph 4 below;
   d. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;
   e. The Court and its employees ("Court Personnel");
   f. Stenographic reporters who are engaged in this action;
   g. Deponents, witnesses, or potential witnesses;
   h. Any mediator or other person assigned for the purposes of Alternative Dispute Resolution and their staff ("Mediator"); and
   i. Other persons by written agreement of the parties.

6. Prior to disclosing any "Confidential" information to any person listed above (other than counsel, person employed by counsel, Mediator, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment, in the form of Exhibit A, stating that he or she has

3

read this Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Whenever a deposition involves the disclosure of "Confidential" information, the deposition or portions thereof shall be subject to the provisions of this Protective Order.

8. A party may object to the designation of particular "Confidential" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the party objecting to the "Confidential" designation may file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion.

9. Upon final determination of the action in which the particular materials were produced, the CONFIDENTIAL materials shall be handled subject to the regular business practices for maintenance and destruction of client files by the parties' counsel.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity to be heard.

11. The provisions of this Protective Order shall not terminate at the conclusion of this Lawsuit. The parties agree that this Court shall retain jurisdiction over this matter and this Protective Order to enforce the terms of this Protective Order.

12. Agreement by a party to the entry of this Protective Order does not constitute an acknowledgement by such party that any discovery materials produced by any other party are in fact confidential or otherwise legally protected.

13. Review of information designated as "Confidential" by counsel, experts, or consultants for the parties shall not waive the confidentiality of the documents or objections to production. The inadvertent, unintentional, or *in camera* disclosure of "Confidential" documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

14. Nothing contained in this Protective Order and no action pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the Confidential documents and information sought.

DATED: _May 29_, 2013.

BY THE COURT:

_____
Senior District Judge Richard P. Matsch

6

## EXHIBIT A

| ACKNOWLEDGEMENT |
|---|
| I, _____(printed name), acknowledge that I have read the foregoing Stipulated Protective Order and agree to be bound by its provisions as stated. |
| Date: _____  _____(signature) |